The alignment of the parties in this MDL proceeding is so strikingly unusual that it reminds me of the oft-quoted fictional newspaper headline, "Man Bites Dog." The MDL movants are a small group of collateral defendants who are relative newcomers to silica litigation in Texas. In opposition are the respondents, a surprising coalition led by major silica defendants and joined by the unanimous support of the plaintiffs' bar. This coalition contends that the movants have failed to meet their burden of proof and that an MDL order of consolidation is unneeded and unwanted. Because I agree that the movants have not carried their burden of proof and that the MDL consolidation ordered by a majority of this panel is inconvenient, inefficient, and unwise, I respectfully dissent.
 BACKGROUND
Burden of proof
The Texas Constitution establishes the district court as the basic trial court in this state. Tex. Const. art. V, §§ 1, 7, 8. Our 422 district courts of general jurisdiction handle all of the pretrial litigation matters from the simple to the complex. The design of this system emphasizes the relationship between judges and their local communities, and the accountability inherent in that arrangement. A strength of this system is that a diverse group of judges across the state bring their collective knowledge and experience to bear on a variety of legal issues rather than leaving them all to a single judge. Within the parameters of the civil justice system, courts may customize their rulings to the particular circumstances of the parties in their communities.
Because MDL consolidation of cases before a single judge is such a drastic change from our conventional civil justice system, the Texas Legislature and Texas Supreme Court have established an extremely onerous burden of proof before MDL consolidation is authorized. The movant must establish that the transfer will (1) be for the convenience of the parties and witnesses, and (2) promote the just and efficient conduct of the action. Tex.R. Jud. Admin. 13, reprinted in Tex. Gov't Code Ann., tit. 2, subtit. F app. (West Supp. 2004-05) ("Rule 13"). Legislative terms like "convenience" and "efficient" are extremely high thresholds when one is considering thousands of cases being assigned to a single judge who already has a busy trial docket. The tragedy of this case is not that the movants have wholly failed to meet their burden of proof, but that a majority of this panel has tacitly conceded as much. *Page 9 
Silica litigation
For over 80 years, an incredible number of silica injury cases have been disposed of by the Texas courts. U.S. Silica, which has been the major silica supplier and defendant in these cases, opposes MDL consolidation. In its brief and at oral argument, counsel for U.S. Silica described a highly successful method of handling pretrial issues by agreement that rivals any mass-tort system in the country:
 As a practical matter, Texas courts are handling the current silica caseload efficiently. Historically, no Plaintiff, Defendant, or Court has sought a state court silica MDL in Texas, despite the existence of the procedure in one form or another since 1997, when Tex.R. Jud. Admin.11 was promulgated. Nor are class actions, consolidations, or other traditional means of grouping cases sought on a routine basis for silica cases. Still, most silica cases are resolved in two to three years or less with relatively very little use of the courts' time and resources. Parties invariably agree to use of Master Discovery requests. This Master Discovery is, by and large, handled without court intervention. Depositions are taken on a regular schedule through the cooperation of opposing counsel, mostly without incident. In fact, there are very few trials, and most cases are resolved either through mediation or settlement discussions, often without the court having to order mediation.
 Now, six Defendants (the Movants) — without consulting their fellow Defendants — seek to change entirely the handling of all silica pre-trial matters. The Motion does not meet Rule 13's bare minimum requirements. Movants do not offer an adequate, thorough, or reasoned explanation of existing problems that the transfer would resolve, nor do they explain how exactly the transfer would help. Specifically, Movants make no showing of duplicative discovery, inconsistent rulings, or pretrial mismanagement that could be avoided or lessened by the transfer and consolidation they now pursue. Absent a much more compelling, complete, and reasoned explanation that demonstrates a need for change and explains how the change would help, this Panel must deny the revolutionary changes Movants seek. Movants have not offered sufficient justification to change from the known current, efficient way of handling cases, to an unknown and untested mechanism that may create new problems without offering better resolution to any old ones. In short, U.S. Silica Company and Unimin Corporation would urge the Panel to follow a well-known colloquial phrase: If it ain't broke, don't fix it.
This system is as close to a perfect litigant-driven system as can be found. The panel majority concedes this fact. The majority can point to no significant instances where inconsistent rulings have occurred or discovery abuse has taken place.
 DISCUSSION
Rule 13 permits us to transfer these cases if we find that "related cases involve one or more common questions of fact, and that transfer to a specified district court will be for the convenience of the parties and witnesses and will promote the just and efficient conduct of the related cases." Rule 13(l). Not only have the movants failed to demonstrate any of these elements, the record indicates to me that transfer will have a detrimental effect on silica litigation and will unnecessarily alter the civil justice system for silica cases in Texas. *Page 10 
1. Inconvenience of parties and witnesses
Experienced trial attorneys will confirm that pretrial matters are most conveniently handled in the local community and court where the case is filed. The panel majority lists some ten categories of potential pretrial matters that might come before the MDL court including matters like discovery, venue andRobinson/Havner challenges. Many of these issues might require individual hearings in individual cases. It is difficult for me to imagine that a party or witness in El Paso, Texarkana, or Brownsville would find it "convenient" to travel to Houston for every pretrial hearing to be held in their case. More importantly, the movants have made no showing of inconvenience in this MDL proceeding. The majority concedes that movants have not shown that a single party or witness has yet been inconvenienced. And yet, the majority grants the motion based in part on the assertion that "it is undeniable that it is more convenient for witnesses and parties who find themselves involved in several cases to be subject to one court instead of several." While this is strong rhetoric, I question the soundness of the reasoning. Except for those parties and witnesses living in the city of the MDL court, the parties will have to travel across the state to attend every single pretrial hearing. I would submit that a party traveling halfway across the state to attend a routine pretrial hearing would be little comforted by the "convenience" of arguing their motion before a Houston judge as opposed to one in their own local community.
As for the convenience of having only one set of orders, the silica-litigation parties up to this point have collegially conducted their litigation by using the standardized and uniform Texas Rules of Civil Procedure coupled with a body of formal and informal agreements. The movants have not brought forth a single instance in which they have been prejudiced by inconsistent rulings or the absence of uniform pretrial orders. But rather than place the burden of proof on the movants where it belongs, the majority speculates that the silica litigants will find it "convenient" to have only one set of pretrial orders. Of course, that presupposes that the MDL court will impose the same set of orders in every case — a supposition not supported by the record.
2. Unjust and inefficient handling of cases
One of the most oft-quoted phrases regarding efficiency and justice in the civil justice system is "justice delayed is justice denied." Today, a panel majority orders the transfer of 71 cases to a single statewide pretrial judge. Soon, that number may swell to thousands; indeed, one of the parties to this MDL proceeding indicated that 25,000 silica cases were filed nationwide in the year 2003 alone. The majority seems to think that these cases can be more efficiently handled by one judge as opposed to spreading the workload among the 422 district courts across the state. This viewpoint, in my opinion, defies common sense. To provide a rough analogy, the civil justice system is like a tollway with 422 district judges manning individual toll booths. To eliminate all the toll booths save one will, in my opinion, seriously impede the flow of litigation traffic. The majority's view of efficiency is troubling, to say the least. I am equally troubled by the statement made by the majority: "Nor can we ignore what we as judges know from experience — that it is difficult for dedicated but busy trial judges to consistently give cases like these the deliberate, thoughtful, and focused pretrial treatment they deserve." While I wholeheartedly agree that, with the legislative *Page 11 
budget cuts and the virtual elimination of the visiting judge program, our active district courts are stretched to the breaking point, it is curious that a majority of this panel would transfer the entire silica-litigation docket, present and future, to an active sitting judge in Harris County who, I am sure, has little spare time on her hands. Further, I believe that the majority is unrealistic to assert that a statewide MDL judge will be able to give these 71 silica cases more attention than 55 district judges could give them in their local courtrooms.
By contrast, everything in this record, which the majority concedes, establishes that over the last 80 years, silica cases have been handled by agreement and have not required numerous and extensive pretrial hearings. Counsel for U.S. Silica, who has been handling its docket for over a decade, could count the number of hearings and trials on the fingers of two hands. And what justification are we given for abandoning such an incredibly efficient civil justice system? We are told that one group of six defendants has the right to have their complaints decided by a court rather than settled by agreement with plaintiffs' and their fellow defense counsel. Fair enough. But why should six defendants be allowed, not only to destroy a longstanding collegial system of dispute resolution, but to force 605 other parties to forfeit their right to be heard by a judge in the community where the action arose? We are not told by the majority.
3. Lack of common questions of fact
While conceding that "each personal injury case is indeed different" the majority opinion describes issues of law, notfact, to justify transfer such as "discovery, venue and forum non conveniens, the `sophisticated user' doctrine, Robinson andHavner challenges to expert testimony, the sufficiency of warnings, and other issues concerning common worksites, product identification, and the validity of the diagnosis and screening process." Although I am sure that common questions of fact do exist within the 71 transfer cases, the majority cannot point to a single piece of evidence in this record to establish the common questions of fact. This record is completely devoid of any proof to that effect. On the other hand, although not their burden, the respondents have provided evidence that silica cases are highly individualized, and, although grouped at common worksites, even those individual cases will be widely divergent on issues like product identification and causation. Surely, the movants must do more than simply state that silicosis is a similar disease of the lung and therefore all silica cases are similar. The MDL Statute and Rule 13 are clear. Common questions of fact are required to be proved.
 CONCLUSION
Litigants should be required to handle their cases under the traditional civil justice system pursuant to the Texas Constitution and statutes. MDL consolidation is an extraordinary remedy that should only be considered where the burden of proof has been met. The record in silica cases demonstrates an incredibly efficient and convenient system in which collegial agreements complement the civil justice system. Today, a majority of this panel allows a small group of defendants to alter the civil justice system without holding them to their burden of proof. Because I believe that the overwhelming weight of the evidence provided by the respondents, made up of defense and plaintiffs' counsel alike, establishes that transfer to a single statewide MDL judge is inconvenient, unjust, inefficient, and unneeded, I respectfully dissent. *Page 12